UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KING'S HAWAIIAN HOLDING COMPANY, INC., a California corporation; KING'S HAWAIIAN BAKERY WEST, INC., a California corporation; and KING'S HAWAIIAN BAKERY SOUTHEAST, INC., a Georgia corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN BAKERIES, LLC, an Indiana limited liability company; HARLAN BAKERIES, LLC, an Indiana limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:20-cv-4283<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc. (collectively, "King's Hawaiian" or "Plaintiffs") complain and allege as follows against Defendants Southern Bakeries, LLC ("Southern Bakeries") and Harlan Bakeries, LLC ("Harlan Bakeries") (collectively, "Defendants").

**NATURE OF THE ACTION**

1. In this action, King's Hawaiian seeks injunctive relief and damages for acts of trade dress infringement, unfair competition, and misappropriation engaged in by Defendants in violation of the laws of the United States and the State of Texas.

2. Defendants are manufacturing, distributing, and selling in the United States, including in this District, sweet rolls that intentionally and willfully employ product packaging

1

that is confusingly similar to the distinctive packaging trade dress that King's Hawaiian uses in connection with its KING'S HAWAIIAN Original Hawaiian Sweet Rolls.  Defendants' conduct is likely to cause consumers to be confused, deceived, or mistaken into believing that there is an affiliation, connection, or association between Defendants and King's Hawaiian, or that Defendants' products originate from or are sponsored by or approved by King's Hawaiian.

3. Upon information and belief, Defendants' infringement was and is willful and has caused and continues to cause King's Hawaiian substantial irreparable injury, warranting injunctive relief, as well as an award of monetary damages, costs, and attorneys' fees.

## THE PARTIES

4. Plaintiff King's Hawaiian Holding Company, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Torrance, California.

5. Plaintiff King's Hawaiian Bakery West, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Torrance, California.  King's Hawaiian Bakery West, Inc. is a wholly-owned subsidiary of King's Hawaiian Holding Company, Inc., and is a licensed distributor of King's Hawaiian goods, including goods packaged with the King's Hawaiian Sweet Roll Packaging Trade Dress.

6. Plaintiff King's Hawaiian Bakery Southeast, Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of operation in Oakwood, Georgia, and its principal office address at King's Hawaiian Holding Company, Inc.'s corporate headquarters in Torrance, California.  King's Hawaiian Bakery Southeast, Inc. is a wholly-owned subsidiary of King's Hawaiian Holding Company, Inc., and is a licensed distributor of King's Hawaiian goods, including goods packaged with the King's Hawaiian Sweet Roll Packaging Trade Dress.

7. Defendant Southern Bakeries, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Indiana, with its principal

2

place of business in Hope, Arkansas. Southern Bakeries is a commercial bakery business that manufactures, promotes, and distributes baked goods, including sweet rolls, and sells them in stores in a number of states across the United States, including locations in this District and other locations in Texas.

8. Defendant Harlan Bakeries, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Indiana, with its principal place of business in Avon, Indiana. Harlan Bakeries is a commercial bakery business that manufactures, promotes, and distributes baked goods, including sweet rolls, and sells them in stores in a number of states across the United States, including locations in this District and other locations in Texas. Harlan Bakeries is, upon information and belief, the parent company of Southern Bakeries.

9. The identities of the various Doe defendants are not currently known. This Complaint will be amended to include the names and capacities of such individuals or entities when the same is ascertained.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

11. This Court has personal jurisdiction over Defendants because Defendants have committed and, upon information and belief, intend to continue to commit acts of infringement in violation of 15 U.S.C. § 1125 in the State of Texas, including in this District; place into the stream of commerce products in packaging that infringe King's Hawaiian's packaging trade dress with knowledge or understanding that such products are sold in the State of Texas, including in this District; and transact business in this District. The acts of Defendants cause

injury to King's Hawaiian in the State of Texas, including in this District.  Upon information and belief, Defendants have and will continue to derive substantial revenue from the sale within the State of Texas, including within this District, of products in packaging that infringes King's Hawaiian's packaging trade dress and Defendants expect their actions to have consequences in the State of Texas, including in this District.

12. Venue is proper within this District under 28 U.S.C. § 1391 because Defendants transact business within this District, offer for sale in this District products in packaging that infringes King's Hawaiian's packaging trade dress, and place into the stream of commerce products in packaging that infringes King's Hawaiian's packaging trade dress with knowledge or understanding that such products are sold in this District.  In addition, venue is proper because Defendants specifically market in this District products in packaging that infringe King's Hawaiian's packaging trade dress and King's Hawaiian has suffered, and will continue to suffer, harm in this District as a result of Defendants' conduct.  Moreover, venue is proper in this District because Defendants are subject to the Court's personal jurisdiction in this District.

## THE KING'S HAWAIIAN SWEET ROLL PACKAGING TRADE DRESS

13. King's Hawaiian is a family-owned business that makes and sells KING'S HAWAIIAN Original Hawaiian Sweet Rolls and other baked goods.  The history of King's Hawaiian began in the 1950s in Hilo, Hawaii.  There, Robert Taira opened his first bake shop, Robert's Bakery, where he made round, soft loaves of Hawaiian Sweet Bread using his own original recipe.  After nearly a decade of growing popularity, in 1963 the original shop expanded and moved to King Street in Honolulu, where it was renamed King's Bakery.  In the 1970s, Mr. Taira brought his Hawaiian Sweet Bread to the mainland and built a 24,000-square-foot bakery in Torrance, California.  He named it King's Hawaiian Bakery.

14. In 1983, King's Hawaiian introduced the now well-known 12-pack of Original Hawaiian Sweet Rolls.  During the next several decades, King's Hawaiian continued to grow as its reputation spread for making delicious, high-quality products.  What started as a small bakery

in Hilo, Hawaii, is now a national brand with products available in grocery stores and other outlets across the United States.

15. King's Hawaiian goes to great efforts to preserve its image and identity and the image and identity of its high-quality products. To that end, King's Hawaiian has developed distinctive packaging trade dress for use with its KING'S HAWAIIAN Original Hawaiian Sweet Rolls.

16. The sweet roll packaging trade dress asserted in this lawsuit (the "King's Hawaiian Sweet Roll Packaging Trade Dress") consists of an overall visual impression, which includes (1) the prominent use of the color orange; (2) on the front of the package a clear window, with the color orange as the primary element around such clear window; (3) within the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," which is in a serif font, as shown below and in Exhibits A and B hereto.

 

17. King's Hawaiian has used the King's Hawaiian Sweet Roll Packaging Trade Dress to distinguish its Original Hawaiian Sweet Rolls since at least the early 1980s.

18. The King's Hawaiian Sweet Roll Packaging Trade Dress is non-functional. The overall look and feel of the packaging design is not required to achieve any particular function—

and there are a plethora of alternative packaging designs available to King's Hawaiian's competitors.

19. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. Moreover, through extensive use, advertising, marketing, and promotional activities, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired a strong secondary meaning. The King's Hawaiian Sweet Roll Packaging Trade Dress serves to identify King's Hawaiian as the source of the products with which it is used, and the relevant consuming public recognizes the King's Hawaiian Sweet Roll Packaging Trade Dress as distinguishing those products from the goods and services of others.

20. Plaintiff King's Hawaiian Holding Company, Inc. is the owner of all rights and title to the King's Hawaiian Sweet Roll Packaging Trade Dress. King's Hawaiian Holding Company, Inc.'s wholly-owned subsidiaries, King's Hawaiian Bakery West, Inc., and King's Hawaiian Bakery Southeast, Inc., are distributors of King's Hawaiian goods and are licensed to use the King's Hawaiian Sweet Roll Packaging Trade Dress.

## **DEFENDANTS' UNLAWFUL AND DECEPTIVE ACTS**

21. Defendants are neither licensed nor otherwise authorized by King's Hawaiian to use the King's Hawaiian Sweet Roll Packaging Trade Dress in connection with Defendants' products.

22. Without King's Hawaiian's permission or consent, Defendants have offered and sold, and are offering for sale and selling in the United States, including in this District and other Districts in Texas, sweet rolls in product packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress. For example, King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' sweet roll products have been offered for sale and sold at H-E-B grocery stores in this District and other Districts in Texas in packaging that is deceptively similar to King's Hawaiian Sweet Roll Packaging Trade Dress.

23. Defendants have placed the infringing sweet roll products into the stream of commerce, with knowledge or understanding that such products would be sold in the United States, including in this District.

24. Defendants' conduct is likely to cause consumers to be confused, deceived, or mistaken into believing that there is an affiliation, connection, or association between Defendants and King's Hawaiian, or that Defendants' products originate from or are sponsored by or approved by King's Hawaiian.

25. The packaging for Defendants' sweet rolls is confusingly similar in overall look and feel to the King's Hawaiian Sweet Roll Packaging Trade Dress and includes (1) the prominent use of the color orange; (2) on the front of the package a clear window, with the color orange as the primary element around such clear window; (3) within the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," which is in a serif font, as shown below and in Exhibits C and D, hereto.




7

26. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have adopted and used their deceptively-similar packaging with the intent to trade off the enormous goodwill that King's Hawaiian has earned in the King's Hawaiian Sweet Roll Packaging Trade Dress, and the high-quality products with which it is used and, further, to cause consumers to be confused, deceived, or mistaken into believing that there is an affiliation, connection, or association between Defendants and King's Hawaiian, or that Defendants' sweet rolls originate from or are sponsored by or approved by King's Hawaiian. Defendants have damaged the reputation, business, and goodwill of King's Hawaiian, including within this District, and, unless enjoined, King's Hawaiian is informed and believes that Defendants will continue such conduct to the immediate and irreparable injury of King's Hawaiian.

27. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have acted and, unless enjoined, will continue to act, in willful, wanton, and callous disregard of King's Hawaiian's rights.

## COUNT I

### Federal Trade Dress Infringement—15 U.S.C. § 1125(a)

28. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 27, above, as though fully set forth at length, against all defendants.

29. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

30. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in interstate commerce and has done so since long before Defendants began their infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

31. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion, and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

32. Without King's Hawaiian's permission or consent, Defendants have adopted and used with their sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress. Defendants' conduct is likely to cause members of the consuming public to be confused, deceived, or mistaken into believing that there is an affiliation, connection, or association between Defendants and King's Hawaiian, or that Defendants' products originate from or are sponsored by or approved by King's Hawaiian.

33. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' wrongful conduct has been and continues to be intentional, willful, and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

34. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

35. King's Hawaiian has sustained damages as a direct and proximate result of Defendants' infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

36. King's Hawaiian has been and will continue to be irreparably harmed by Defendants' wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation, and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendants' continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendants will continue their infringing conduct.

37. King's Hawaiian is entitled to its actual damages, Defendants' profits, and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its actual damages, an enhancement of Defendants' profits, and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

**Federal False Designation of Origin and Unfair Competition—15 U.S.C. § 1125(a)**

38. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 37, above, as though fully set forth at length, against all defendants.

39. The conduct and acts of Defendants described above constitute a false designation of origin and a false description in violation of 15 U.S.C. § 1125(a).

40. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' wrongful conduct has been and continues to be intentional, willful, and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress.

41. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

42. King's Hawaiian has sustained damages as a direct and proximate result of Defendants' wrongful conduct in an amount to be proven at trial.

43. King's Hawaiian has been and will continue to be irreparably harmed by Defendants' wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation, and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendants' continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendants will continue their infringing conduct.

44. King's Hawaiian is entitled to its actual damages, Defendants' profits, and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its actual damages, an enhancement of Defendants' profits, and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## **COUNT III**

## **State Common Law Trade Dress Infringement**

45. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 44, above, as though fully set forth at length, against all defendants.

46. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

47. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in the State of Texas and has done so since long before Defendants began their infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

48. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion, and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

49. Without King's Hawaiian's permission or consent, Defendants have adopted and used with their sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress in violation of Texas common law. Defendants' conduct is likely to cause members of the consuming public in the State of Texas to be confused, deceived, or mistaken into believing that there is an affiliation, connection, or association between Defendants and King's Hawaiian, or that Defendants' products originate from or are sponsored by or approved by King's Hawaiian.

50. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' wrongful conduct has been and continues to be intentional, willful, and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

51. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress and, if not remedied, Defendants will be unjustly enriched.

52. King's Hawaiian has sustained damages as a direct and proximate result of Defendants' infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

53. King's Hawaiian has been and will continue to be irreparably harmed by Defendants' wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation, and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendants' continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendants will continue their infringing conduct.

54. King's Hawaiian is also entitled to its actual damages, Defendants' profits, and an award of costs and attorneys' fees.

55. Additionally, because Defendants' misconduct as alleged herein has been willful, malicious, and wanton, King's Hawaiian is entitled to an award of punitive damages under Texas law in an amount sufficient to punish Defendants and deter such misconduct in the future.

## COUNT IV

### State Common Law Unfair Competition

56. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 55, above, as though fully set forth at length, against all defendants.

57. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

58. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in the State of Texas and has done so since long before Defendants began their infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

59. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion, and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

60. Without King's Hawaiian's permission or consent, Defendants have adopted and used with their sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress in violation of Texas common law. Defendants' offers to sell, sales, manufacture, and/or distribution of their infringing products, in direct competition with King's Hawaiian, constitutes common law unfair competition. Defendants' conduct is likely to cause members of the consuming public in the State of Texas to be confused, deceived, or mistaken into believing that there is an affiliation, connection or association between Defendants and King's Hawaiian, or that Defendants' products originate from or are sponsored by or approved by King's Hawaiian.

61. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' wrongful conduct has been and continues to be intentional, willful, and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

62. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress and, if not remedied, Defendants will be unjustly enriched.

63. King's Hawaiian has sustained damages as a direct and proximate result of Defendants' infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

64. King's Hawaiian has been and will continue to be irreparably harmed by Defendants' wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation, and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendants' continuing infringement of the King's Hawaiian

Sweet Roll Packaging Trade Dress. Unless enjoined, Defendants will continue their infringing conduct.

65. King's Hawaiian is also entitled to its actual damages, Defendants' profits, and an award of costs and attorneys' fees.

66. Additionally, because Defendants' misconduct as alleged herein has been willful, malicious, and wanton, King's Hawaiian is entitled to an award of punitive damages under Texas law in an amount sufficient to punish Defendants and deter such misconduct in the future.

## COUNT V

### State Common Law Misappropriation

67. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 66, above, as though fully set forth at length, against all defendants.

68. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

69. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in the State of Texas and has done so since long before Defendants began their infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

70. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion, and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

71. Without King's Hawaiian's permission or consent, Defendants have adopted and used with their sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress in violation of Texas common law. Defendants' offers to sell, sales, manufacture, and/or distribution of their infringing products, in direct competition with King's Hawaiian, constitutes common law misappropriation.

14

72. King's Hawaiian created the King's Hawaiian Sweet Roll Packaging Trade Dress through extensive time, labor, effort, skill, and money. Defendants have wrongfully used and are wrongfully using the King's Hawaiian Sweet Roll Packaging Trade Dress, and/or colorable imitations thereof, in competition with King's Hawaiian, and have gained a special advantage because Defendants were not burdened with the expenses incurred by King's Hawaiian. Defendants have commercially damaged King's Hawaiian, at least by causing consumer confusion as to origin, sponsorship, or affiliation of Defendants' infringing products, by creating the false and misleading impression that its infringing products originate from or are manufactured by, authorized by, or otherwise associated with King's Hawaiian, and by taking away sales that King's Hawaiian would have made.

73. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants' wrongful conduct has been and continues to be intentional, willful, and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

74. King's Hawaiian is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress and, if not remedied, Defendants will be unjustly enriched.

75. King's Hawaiian has sustained damages as a direct and proximate result of Defendants' infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

76. King's Hawaiian has been and will continue to be irreparably harmed by Defendants' wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation, and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendants' continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendants will continue their infringing conduct.

77. King's Hawaiian is also entitled to its actual damages, Defendants' profits, and an award of costs and attorneys' fees.

78. Additionally, because Defendants' misconduct as alleged herein has been willful, malicious, and wanton, King's Hawaiian is entitled to an award of punitive damages under Texas law in an amount sufficient to punish Defendants and deter such misconduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs King's Hawaiian Holding Company, Inc., King's Hawaiian Bakery West, Inc., and King's Hawaiian Bakery Southeast, Inc., and each of them, hereby respectfully request that this Court:

A. Enter an injunction enjoining Defendants, their officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from:

1. Any unauthorized use of the King's Hawaiian Sweet Roll Packaging Trade Dress, including, without limitation, any colorable imitation or confusingly-similar variation thereof, in connection with the promotion, advertising, distribution, or sale of goods by Defendants;

2. Engaging in any conduct suggesting or tending to suggest that any product promoted, advertised, distributed, or offered for sale by Defendants originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with King's Hawaiian; and

3. Conveying the impression to the public through displays, advertising, packaging, or otherwise that any product offered by Defendants originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with King's Hawaiian;

B. Award King's Hawaiian its actual damages and Defendants' profits from Defendants' wrongful acts;

C. Award King's Hawaiian its costs of suit and reasonable attorneys' fees;

D.	Award King's Hawaiian treble its actual damages and an enhancement of Defendants' profits pursuant to 15 U.S.C. § 1117(a);

E.	Enter an order, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(3) and other applicable law, directing Defendants to deliver up for destruction all products, fabrics, labels, signs, prints, packages, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing any unauthorized copy of the King's Hawaiian Sweet Roll Packaging Trade Dress or any simulation, reproduction, counterfeit, copy, confusingly-similar likeness, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

F.	Award restitutionary relief against Defendants and in favor of King's Hawaiian, including disgorgement of wrongfully obtained profits and any other appropriate relief;

G.	Award King's Hawaiian punitive damages pursuant to Texas law in an amount sufficient to punish Defendants and deter such willful misconduct in the future;

H.	Award any other legal and/or equitable remedies to which King's Hawaiian may be entitled, including all remedies provided for in 15 U.S.C. § 1117(a) and under any other Texas state statutory or common law; and

I.	Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc., and each of them, hereby demand trial by jury on all issues so triable.

DATED:  December 16, 2020             By _____

        Christopher D. Porter (Texas Bar No. 24070437)
        Attorney-in-Charge
        Southern District of Texas Bar No. 1052367
        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        711 Louisiana Street, Suite 500
        Houston, Texas 77002
        Tel:  (713) 221-7000
        Fax: (713) 221-7100
        Email:  chrisporter@quinnemanuel.com

        Scott B. Kidman (admission *pro hac vice* pending)
        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, California 90017-2543
        Tel: (213) 443-3000
        Fax: (213) 443-3100
        Email:  scottkidman@quinnemanuel.com

        Brian M. Wheeler (admission *pro hac vice* pending)
        ATKINSON, ANDELSON, LOYA, RUUD & ROMO
        A Professional Corporation
        12800 Center Court Drive South, Suite 300
        Cerritos, California 90703-9364
        Tel: (562) 653-3200
        Fax: (562) 653-3333
        Email:  bwheeler@aalrr.com

        Attorneys for Plaintiffs King's Hawaiian Holding
        Company, Inc.; King's Hawaiian Bakery West, Inc.; and
        King's Hawaiian Bakery Southeast, Inc.